IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ON A ROLL TRUCKING, INC., an Illinois corporation, ) ) Plaintiff, ) ) v. ) ) SUPERIOR FREIGHT, TRANSPORT, INC., an Illinois ) corporation, ) ) Defendant. ) | No. 10 CV 7687<br><br>Judge Dow<br>Magistrate Judge Kim |

**PLAINTIFF ON A ROLL TRUCKING, INC.'S VERIFIED
MOTION FOR ENTRY OF DEFAULT, FOR PROVE-UP *INSTANTER*,
AND FOR ENTRY OF FINAL DEFAULT JUDGMENT
<u>AGAINST DEFENDANT SUPERIOR FREIGHT TRANSPORT, INC.</u>**

Plaintiff On A Roll Trucking, Inc. ("OAR"), by and through its attorney and its Vice President, moves pursuant to Fed.R.Civ.P. ("Rule") 55 for the entry of Default against Defendant Superior Freight Transport, Inc. ("Superior"), for prove-up *instanter* of its damages, and for entry of a final Default Judgment against Superior on all Counts of its Complaint, and in support states as follows:

1.    Plaintiff OAR, a truck brokerage company, alleges, *inter alia*, a claim for damage against Defendant Superior, a common carrier, under the Interstate Commerce Act, 49 U.S.C. § 14706 (the "Act"). (*See* Complaint, filed 12/03/10, Docket No. 2, a copy of which attached hereto as **Exhibit 1**)

2.    OAR alleges that the Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1331 and 1337(a). OAR also alleges that the Court has supplemental jurisdiction of Counts

II and III pursuant to 28 U.S.C. § 1367(a), as they are sufficiently related to Count I to form part of the same case or controversy. (Complaint, **Exhibit 1** hereto, ¶ 3)

3. OAR alleges that venue is proper in the Northern District of Illinois as the parties' principal places of business are located in this District, their agreement to do business with each other was struck in this District, and as the parties' Motor Carrier Transportation Agreement provides for venue in Illinois. (Complaint, **Exhibit 1** hereto, ¶ 4)

4. Defendant Superior was served with Summons and Complaint in this matter on 12/8/10. (*See* Summons and Return of Service, filed 12/12/10, Docket No. 7, a copy of which is attached hereto as **Exhibit 2**)

5. As of the preparation of this Motion on 1/7/11, 30 days after service, the undersigned certifies, under penalty of perjury, that he has received no appearance or response to the Complaint from or on behalf of Superior, and no notice of filing of same, and that he has checked the Court's on-line CM/ECF docket service and confirmed that no response is there disclosed as having been filed on behalf of Superior. (*See* CM/ECF Docket Sheet printout, **Exhibit 3** hereto)

6. Rule 55 provides, *inter alia*, that when a party "has failed to plead or otherwise defend ... the clerk shall enter the party's default."

7. The allegations in Plaintiff OAR's Complaint (**Exhibit 1** hereto) are verified by its Vice President, Josh Malkin, and the Court is referred to same, and the additional verification attached hereto, in support of the instant Motion.

8. In addition, the statute under which OAR proceeds in Count I of its Complaint herein, the Carmack Amendment to the Interstate Commerce Act (49 U.S.C. § 14706(a)(1)),

provides, *inter alia*, that Defendant Superior, as a motor carrier providing interstate transportation of goods, is presumptively liable for delivery of damaged goods. OAR alleges that Superior belatedly delivered a damaged load of strawberries to OAR's customer Dominick's, which Dominick's properly rejected and which was released back to Superior, which -- in consultation with OAR -- delivered the damaged load to Get Fresh Produce, Inc., in Bartlett, IL, for salvage. (Complaint, **Exhibit 1** hereto, ¶¶ 10-14)

9. OAR has been damaged in at least the following amounts:

|   |   |   |
|---|---|---|
| a. | $18,846.00 | liable to Dominick's for value of the rejected load (Complaint, **Exhibit 1** hereto, ¶ 15) |
| b. | $ 1,840.00 | advance paid by OAR to Superior (Complaint ¶ 9) |
| c. | ($ 1,620.00) | salvage received from Get Fresh (Complaint ¶ 14 |
| **TOTAL:** | **$19,066.00** | |

10. As OAR's damage amount of **$19,066.00** was known to Superior no later than its receipt of OAR's Carrier Claim Settlement Worksheet/Invoice (Complaint, **Exhibit 1** hereto, at Ex. G) and Carrier Claim Confirmation and supporting documents (**Exhibit 4** hereto), both emailed and sent by UPS Next Day Air to Superior on 10/27/10 (*see* **Exhibit 5** hereto), to which Superior did not object, OAR is entitled under 815 ILCS 205/2 to pre-judgment interest thereon of 5% per annum from 10/27/10 until the date of judgment herein, or approximately **$185.10** as of the date of preparation of this Motion ($19,066.00 x .05 ÷ 12 x 2.33 = $185.10).

WHEREFORE, Plaintiff On A Roll Trucking, Inc., prays that the Court enter default in its favor against Defendant Superior Freight Transport, Inc., conduct prove-up *instanter* of Plaintiff's damages and other relief requested, and award Plaintiff Default Judgment in the

3

amount of at least **$19,066.00** against Defendant, plus costs, pre-judgment interest of at least **$185.10**, and all other relief to which it may be entitled (including but not limited to its costs and reasonable attorney's fees for having brought this Motion if Defendant is successful in opposing it).

        Respectfully submitted,

        ON A ROLL TRUCKING, INC.

        By /s/ *William B. Kohn*
           Its Attorney

Dated: January 7, 2011.

William B. Kohn
LAW OFFICES OF WILLIAM B. KOHN
150 North Wacker Drive
Suite 1400
Chicago, Illinois 60606
312/553-1200
ARDC No. 6196142

## VERIFICATION

I certify under penalty of perjury that I am the Vice President of Plaintiff, that I have read the foregoing Verified Motion for Entry of Default, etc., that I have personal knowledge of the matters asserted therein and have reviewed the files and records of Plaintiff relating thereto, that the statements and allegations of fact therein -- and in Plaintiff's Verified Complaint upon which they are based -- are true and correct, and that the copies attached hereto are true and correct copies of the referenced documents.

ON A ROLL TRUCKING, INC.

By _____
Josh Malkin, Vice President

1/7/2010
Date

5