# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7687 | **DATE** | 3/25/2011 |
| **CASE TITLE** | On A Roll Trucking vs. Superior Freight | | |

**DOCKET ENTRY TEXT**

Before the Court are two motions: (1) Defendant Superior Freight Transport, Inc.'s motion to vacate default judgment [17] and (2) Plaintiff On a Roll Trucking, Inc.'s motion pursuant to FRCP 62(b) to require Defendant to post security [22]. Having reviewed the submissions of the parties and considered the arguments advanced orally by counsel at the March 24, 2011 motion hearing, the Court denies Defendant's motion to vacate the default judgment [17] and denies in part and grants in part Plaintiff's Rule 62(b) motion [22].

■[ For further details see text below.]  Docketing to mail notices. Notices mailed by Judicial staff.

## STATEMENT

**I.    Background**

By way of background, Plaintiff filed its complaint [3] on December 3, 2010. In the complaint, Plaintiff asserted claims under the Interstate Commerce Act (Count I) and for breach of contract (Count II) and account stated (Count III). Plaintiff sought a judgment in the amount of approximately $19,000 that it claims as damages arising out of Defendant's alleged failure to properly transport a load of fresh strawberries. According to the docket, the summons was executed on December 8, 2010 [see 7], which meant that Defendant's answer or other responsive pleading was due on December 29, 2010.

Defendant did not timely answer or otherwise plead. On January 8, 2011, Plaintiff filed a motion for entry of a default judgment [8], which was noticed for presentment on January 13, 2011. Because Defendant did not appear when the motion was presented and had not responded to the complaint, the Court granted the motion and entered a default judgment order [13]. Plaintiff subsequently served a citation to discover assets on Defendant and its principals [see 14, 15, 16], returnable on February 10, 2011.

On February 11, 2011, Defendant, through counsel, filed a motion to vacate the default judgment. The Court set a briefing schedule on the motion and entered and continued the citation proceedings, thereby effectively staying those proceedings pending a ruling on the motion to vacate. On March 20, 2011, Plaintiff filed a motion requesting that the Court either require Defendant to post security under Rule 62(b) or order Defendant's officers and agents to produce the relevant documents and records and appear for examination on the citations.

**STATEMENT**

**II.    Analysis**

The standard for ruling on a motion to vacate a default judgment is well established in the Seventh Circuit: "A court may vacate a default judgment when the moving party demonstrates (1) good cause for its default; (2) quick action to correct the default; and (3) a meritorious defense to the plaintiff's complaint." *Swaim v. Moltan Co.*, 73 F.3d 711, 722 (7th Cir. 1996). "Failure to make any of the three showings warrants denial of a motion to vacate." *Wells Fargo Equipment Finance, Inc. v. PMRC Services, Inc.*, 2011 WL 635861, at *2 (N.D. Ill. Feb. 11, 2011) (citing *Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 46-47 (7th Cir. 1994)); see also *Sun v. Bd. of Trs. of the Univ. of Ill.*, 473 F.3d 799, 811 (7th Cir. 2007) ("the language of our case law is mandatory, stating that a party seeking to vacate a default judgment *must* make the required showings") (emphasis in original). As the court of appeals has recognized, although the standard ordinarily is recited as a three-part test, "[o]ther factors necessarily influence the district court's decision. The court must weigh the burden on its docket, the legitimate reliance on the default by the nonmoving party, and the policy considerations favoring termination of stalled litigation against the possibility of injustice based, in part, upon the substantive merit of the nonmovant's claims and the moving party's proffered excused for the default." *Swaim*, 73 F.3d at 722. Given the many factors that come into play, district courts have wide discretion in considering a motion to vacate a default judgment. See, *e.g.*, *Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994); *Dimmitt & Owens Financial, Inc. v. United States*, 787 F.2d 1186, 1193 (7th Cir. 1986).

As the Court noted at the March 24 motion hearing, Defendant has made a satisfactory showing on the "quick action" prong of the test, having moved to vacate the default judgment order within a month of its entry. In addition, as the Court also remarked, taking into account the Seventh Circuit's "well established policy [of] favoring trial on the merits over a default judgment" (*Sun*, 473 F.3d at 811), the Court would be inclined to give Defendant the benefit of the doubt on the closer question of whether the "good cause" prong is satisfied. The Seventh Circuit has explained that the moving party must show "something more compelling than ordinary lapses of diligence or simple neglect to justify disturbing a default judgment." *Jones*, 39 F.3d at 162. Here, that "something more compelling" can be found in Defendant's apparent belief that it was not required to respond to the legal proceedings instituted by Plaintiff because Defendant had tendered a claim for coverage to its insurance carrier and notified Plaintiff that the claim was pending. Again, giving a generous reading to Defendant's inaction because it was without the benefit of the advice of counsel at the time, it appears that although Defendant ignored the lawsuit that had been initiated, it did not entirely neglect the situation and the potential liability for it by advancing the insurance claim. There is no doubt that Defendant should have responded in some fashion to the summons and the notice of motion for entry of a default judgment. But the Defendant's mindset shows that this was not simply a case of "simple neglect."

Nevertheless, even if Defendant can satisfy the first two criteria for setting aside a default judgment, its motion founders on the inability to point to a meritorious defense. The Court is mindful of the Seventh Circuit's teaching that "[a] meritorious defense is not necessarily one which must, beyond a doubt, succeed in defeating a default judgment, but rather one which at least raises a serious question regarding the propriety of a default judgment and which is supported by a developed legal and factual basis." *Jones*, 39 F.3d at 162. But having reviewed the complaint and the written submissions of the parties and discussed the matter with counsel at the March 24 hearing, the Court concludes that all of Defendant's proffered defenses fall short of the mark on legal grounds, factual grounds, or both.

In its brief, Defendant first raises as a defense the supposition that Plaintiff did not actually pay the owner of the property (the Safeway/Dominick's that was to receive the strawberries), and thus Defendant may be subject to double liability. That argument is unavailing factually, because Plaintiff has now provided evidence, in the form of a cancelled check, confirming that it did in fact pay Safeway/Dominick's, and thus

| STATEMENT |
|---|

there is no risk of double liability.

In its second defense, Defendant contends that the default judgment improperly includes freight charges in the damages awarded. In response, Plaintiff directs the Court's (and Defendant's) attention to *American National Fire Ins. Co. v. Yellow Freight Sys., Inc.*, 325 F.3d 924, 932-33 (7th Cir. 2003), which permits recovery of freight charges where, as here, the plaintiff uses the shipper's cost method of calculating damages. Defendant has not challenged – either legally or factually – Plaintiff's contention that *American National* is on point and controlling.

Finally, Defendant contends that Plaintiff's breach of contract claim is premature because (1) Defendant has insurance (as required under the parties' contract) and (2) the contract permits Plaintiff up to a year to file any cargo claims. Defendant submits that those terms, read together, show the parties' intent to allow Defendant to pursue its claim through insurance coverage prior to any litigation that may be necessary if full satisfaction is not obtained in the insurance claims process. Plaintiff responds that neither the contract nor any legal principle compels it to forbear from seeking available judicial relief until any and all insurance avenues have been exhausted. In other words, whether Plaintiff chooses to pursue its claims against Defendant is a wholly separate matter from Defendant's possible pursuit of a claim with its insurance carrier – an entity with which Plaintiff has no relationship (contractual or otherwise) and correspondingly no ability to control or influence. On that issue, too, Defendant's arguments carry the day. Even if as a practical matter, some litigants in Plaintiff's position might allow Defendant's pursuit of insurance coverage to run its course, nothing in the contract or the law mandates such a course. In view of the statements of counsel for Defendant at the hearing, including in regard to the current status of the coverage dispute, it would be difficult to fault Plaintiff for moving forward with this litigation. In any event, the decision to litigate was Plaintiff's to make, and Defendant has not come forward with any legal basis for the Court to interfere with Plaintiff's choice in that regard.

## III.     Conclusion

In sum, given that Defendant cannot demonstrate that it has a meritorious defense to Plaintiff's claims, Defendant's motion to vacate the default judgment [17] must be denied. And, in view of that disposition of the first pending motion, the resolution of the second pending motion is clear. As stated on the record in open court at the March 24 hearing, there is no need for Defendant to post security, and the citation proceedings will proceed. Defendant and its officers and agents on whom the citations have been served are given until April 7, 2011, to produce the documents and records required for the citation examination and must cooperate with counsel to schedule the examination thereafter without further delay. Accordingly, Plaintiff's motion to require Defendant to post security [22] is denied in part (as to the posting of security) and granted in part (as to the citation proceedings).